SARAH FELAND ET AL *v.* J. T. GOODE ET AL.

**Pleading—Defects in Answer Supplied by Petition and Exhibits.**

Where the appellants' petition states the character of appellee's title, and makes a deed from the grantor, a part of the record, which shows the grantor conveyed the land to the appellee for a valuable consideration, with warranty, more than twenty years before the commencement of the action, it supplies the defects in the answer, and shows a complete bar to the action.

**Limitation of Actions—Infants—Disability.**

Though, at the time the right of action accrued, two of plaintiffs were infants, and more than three years elapsed after their disability was removed before the action was begun. **Held,** that they had lost their remedy.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 5, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Although the answer of appellee does not in express terms aver the purchase of the land from Robert Feland and an independent and adverse possession thereof from the 29th of August, 1845, the date of the conveyance of said Robert to appellee, still he avers he has title to the land, denies that he holds it wrongfully, and relies upon the length of time and the statute of limitations as having barred appellant's right of action.

And besides, appellants in their petition, state the character of appellee's title, and make the deed from Robert Feland to him a part of their petition, which is incorporated in the record, and which shows that Robert Feland conveyed the land to appellee for a valuable consideration with warranty more than 20 years before the commencement of this action, and that from the date of said conveyance he held it as his own looking to no one for title, so that the petition supplied the defects, or omissions, of the answer, and show the bar was complete when the action was brought, unless appellants can bring themselves within some saving clause to prevent its operation.

At the time *the right* of appellants to bring the action first accrued two of them were infants, but it appears from the evidence that at the time the action *was brought* their disability of infancy had ceased more than three years; and consequently they had lost their remedy. Sec. 3, Art. 1, Chap. 63, 2 R. S. 123.

Wherefore, the judgment dismissing appellants' petition must be *affirmed.*

*Dunlap, VanWinkle, Hill & Alcorn, for appellants.*

*James, Durham, for appellees.*